## John Slack Allan *vs.* Elmer F. Wescott.

## Somerset.   Opinion September 9, 1916.

*Manner of filing bills of exceptions.   What bills of exceptions should contain.   Necessary elements in action for deceit.*
*What plaintiff must prove.*

1.   In an action for deceit in the sale of property, the plaintiff must show that the defendant intentionally made a false representation to him, with the intent that he should act upon it, or in such manner as would naturally induce him to act upon it, that the representation was material, that it was known to the defendant to be false, or, being of matter susceptible of knowledge, was made as of a fact of his own knowledge, that he was thereby induced to act upon it, and that he was deceived and damaged.

2.   The evidence in the case warranted the jury in finding all the essential elements of actionable deceit favorably to the plaintiff.

3.   An oral bargain for the sale of land consummated by giving a bond for a deed is not within the statute of frauds.

4.   When an oral bargain for the sale of land is consummated by a bond for a deed, the purchaser is not limited in an action for deceit to proof of misrepresentations made at the time of the delivery of the bond.

5.   In an action of deceit, the defendant is responsible for such meaning as his words, spoken as of a fact of his own knowledge, reasonably conveyed to the plaintiff.

6.   When a bill of exceptions itself does not state enough of the case, enough of the contentions and issues in the case, to enable the court to determine whether the rulings and refusals to rule, complained of were proper or improper, material or immaterial, harmful or otherwise, the court is not bound to consider the exceptions.   And this is true, although the report of the evidence and the charge of the judge are made a part of the bill.

Action on the case for alleged deceit, fraud and misrepresentation in sale of farm by defendant to plaintiff.   Plaintiff alleged that defendant, or his agent, made false representations relative to the number of acres contained in the farm sold to plaintiff.   Defendant pleaded general issue.   Verdict for plaintiff in sum of two hundred and fifty dollars.   Defendant filed motion for new trial, and also

exceptions to refusal of court to give certain requested instructions and rulings.  Motion and exceptions overruled.

Case stated in opinion.

*Butler & Butler,* for plaintiff.

*Fred F. Lawrence,* for defendant.

SITTING:.  SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, JJ.

SAVAGE, C. J.  Action for deceit in the sale of a farm, by misrepresenting the acreage.  The plaintiff recovered a verdict, and the case comes up on the defendant's motion for a new trial and exceptions.

THE MOTION : The evidence is conflicting.  But we think a jury would be warranted by it in finding the following statement of facts to be true.  The defendant owned a farm containing about 60 acres.  It was crossed by what is called in the case "an old state road."  About 44 acres lay east of the road, and about 16 acres, west.  The plaintiff learned through a farm agency that the farm was for sale.  He was shown over a part of it by the defendant.  The easterly, northerly and southerly boundaries were pointed out.  The parties did not go to the westerly end of the farm, but the defendant represented to the plaintiff in effect that the farm contained 75 or 80 acres.  The plaintiff concluded to purchase.  He paid $50 down, and took the defendant's receipt for $50, "paid on account of a farm of 80 acres, more or less."  In the afternoon of the same day the trade was completed.  The defendant gave the plaintiff a bond for a deed, and the plaintiff paid $300 more, and obligated himself to pay the balance of the purchase price in instalments.  The instalments have been paid so far as they have become due.  In the bond for a deed the farm was described as bounded on the west "by the old state road," so that the tract described in the bond contained only about 44 acres.  The plaintiff did not know of the existence of any "old state road" until the bond was drawn, and even then did not know where it lay upon the face of the earth.  The representation of the defendant as to acreage was made as of a matter of fact within his knowledge, and not as a matter of opinion.  The representation was relied upon by the plaintiff.  It was false and was known to be so by the defendant.  It was

false if applied to the whole of the defendant's farm. It was false, if it related only to the territory included in the bond. And it is on the latter ground that the suit is sought to be maintained, as the declaration in the writ shows.

It is true that the defendant denies that the foregoing statement is true, but the evidence offered by the plaintiff tends to show that it is true. And the jury were warranted in believing it. We must therefore consider the motion upon the assumption that it is true. Upon that assumption, the facts make a clear case for the plaintiff. It was incumbent upon the plaintiff to show that the defendant intentionally made the false representation to him, with the intent that he should act upon it, or in such a manner as would naturally induce him to act upon it, that the representation was material, and that it was known to the defendant to be false, or being of matter susceptible of knowledge, was made as of a fact of his own knowledge, that the plaintiff was thereby induced to act upon it, and that he was deceived and damaged. *Atlas Shoe Co. v. Bechard,* 102 Maine, 197; *Banking Co.* v. *Cunningham,* 103 Maine, 455; *Hotchkiss* v. *Coal & Iron Co.,* 108 Maine, 34; *Pierce v. Cole,* 110 Maine, 134. The representation was intentional and material, and was made as of a fact of the defendant's knowledge, as an inducement to purchase. The plaintiff was thereby induced to purchase. Not knowing the location of the old state road, the plaintiff was justified in believing, as he claims he did, that the farm described in the bond contained at least 75 or 80 acres. He was deceived and damaged. The motion must be overruled.

THE EXCEPTIONS: The bill of exceptions does not require our consideration. The only statement of the case in the bill is this. "This was an action on the case to recover damages for alleged deceit in the sale of a farm. The presiding Justice in the course of his charge referring to a certain receipt which the plaintiff testified was signed by the defendant in acknowledgement of a $50 payment instructed the jury among other things as follows :—(stating the instruction) At the conclusion of the charge, counsel for the defendant requested the following instructions. (stating them)" The bill does not state enough of the case, enough of the contentions and issues in the case, to enable the court to determine whether the rulings and refusals to rule complained of were proper or

improper, whether they were material or not, and whether they were harmful or not.  The bill furnishes no clue to the case.

It is true that the writ, pleadings, charge of the presiding Justice and evidence in full are made a part of the exceptions.  That is not enough.  In the very recent case of *Dennis* v. *Packing Co.,* 113 Maine, 159, the court said of a similarly defective bill:  "It is not a 'summary' bill as contemplated by statute.  It is not an infrequent practice in framing a bill of exceptions to refer to the evidence, and make it a part of the bill.  This is not improper.  The evidence may help to illuminate the exceptions.  But neither the statute, nor approved practice, contemplates that a reference in the bill to the body of the evidence, or the incorporation of the evidence as a part of the bill, is to take the place of a succinct and summary statement of the specific grounds of exception in the body of the bill itself."  The court does not feel bound to consider exceptions so irregularly presented.  *McKown* v. *Powers,* 86 Maine, 291; *Wilson* v. *Simmons,* 89 Maine, 242; *Salter* v. *Greenwood,* 112 Maine, 548.

Nevertheless we have examined these exceptions, and we will dispose of them without extended discussion.  The first one relates to an instruction relating to the effect of the $50 receipt, which we have referred to, as taking the bargain for the sale of the farm out of the statute of frauds.  This question is immaterial, and irrelevant to any issue in the case.  The bargain was consummated by giving a bond for a deed, a sufficient writing.  Secondly, the defendant requested the following instruction:  "If the plaintiff knew when the bond was delivered to and accepted by him that the defendant was not *then* representing to him as a matter of fact within his own knowledge that the property in question contained seventy-five or eighty acres, he cannot recover."  The instruction was properly refused.  The word "then" would limit the plaintiff's right of recovery to representations made at the time of the delivery of the bond, and exclude representations made in the course of the bargaining, upon the strength of which the plaintiff accepted the bond.

Lastly, the court was requested to instruct that the plaintiff could not recover "unless the representation upon which he relies concerning acreage was made and intended by the plaintiff to apply

to the land described in the bond." In argument it is stated that the word "plaintiff" was meant to be "defendant." This is a concession that the requested instruction as expressed was inappropriate, and should not have been given. But taking it as intended, the instruction could not properly have been given. It does not state the ground of defendant's liability correctly. It makes his liability depend upon what he intended rather than what he said. In this respect, the defendant is responsible for such meaning as his words, spoken as of a fact of his own knowledge, reasonably conveyed to the plaintiff. Further discussion is unnecessary.

The certificate must be

*Motion and exceptions overruled.*